```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 12-21369-CIV-SEITZ
                         MAGISTRATE JUDGE P.A. WHITE
```

REGINALD GRANT,                :

    Plaintiff,              :

v.                             :         REPORT OF
                                         MAGISTRATE JUDGE
DR. CARL BALMIR, et al.,       :
et al.,

    Defendants.             :

## I. Introduction

Reginald Grant, confined at Everglades Correctional Institution, has filed a pro se civil rights complaint. He seeks monetary damages. (DE#1) The plaintiff is proceeding in forma pauperis. Grant alleges denial of adequate medical treatment.

This Cause is presently before the Court for initial screening of the complaint (DE#1), pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

    * * *

>   (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>   \* \* \*
>
>   (B) the action or appeal –
>
>   \* \* \*
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

A. Statement of Claims

The plaintiff names as defendants, the Florida Department of Corrections, Dr. Carl Balmir and ARNP Loretta Dawson, employed at Everglades Correctional Institution. He claims that in the month of February, 2008, he complained of lower back pain and pain related to deformities on his feet. He had a pre-existing condition and states that the medical staff ignored his complaints.

In July he was housed at Martin Correctional Institution and continued to complaint of pain. He claims X-rays were taken and the results were normal. He was therefore denied any kind of treatment. About ten or eleven months after he was transferred to Everglades in 2010, he received an MRI which showed a serious condition of his lower back. Weeks later Balmir denied treatment after reviewing the MRI report. He continuously complained of pain. Balmir sent him to a specialist. The doctor ordered Ultran and shots once a week in a unsuccessful effort to relieve the pain. Several weeks into the treatment it was stopped, leaving the plaintiff to suffer more pain. Dr Balmir re-ordered the pain medications and shots to be given when needed, along with other medicines. The plaintiff contends this treatment was again stopped, and he continued to suffer pain.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

He was given orthotic footwear which provided minimal relief, but Dr. Balmir denied him a visit to an outside specialist.

He informed Nurse Dawson he was in pain and she refused to give him any kind of treatment or refer him to experts. After a second MRI, the plaintiff has been scheduled for a risky spinal fusion surgery. He contends that surgery may not have been needed if the defendants have provided better health care.

<u>Sufficiency of the Complaint</u>
<u>Defendant Florida Department of Corrections</u>

The Florida Department of Corrections is a State Agency and as such derives immunity from monetary damages based upon the Eleventh Amendment.  <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986). This defendant should be dismissed.

<u>Denial of Medical treatment</u>

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-03 (1976) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173(1976)); <u>see also</u> <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" <u>McElligott v. Foley</u>, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).  An Eighth Amendment claim contains both an objective and a subjective component. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 (11 Cir. 2000); <u>Adams v. Poag</u>, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an

5

objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted).  The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36.  Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.  The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

Further to rise to a level of an Eighth Amendment violation the plaintiff must demonstrate inhumane conditions of confinement.

6

Farmer v Brennan, 511 U.S,. 825 (1994), These conditions must show a deprivation of a normal civilized measure of life's necessities, see Toney v Fuqua, 09 WL 1451645 (11 Cir. 2009) (denial of tooth paste and tooth brush for a period of time did not rise to an Eighth Amendment violation).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for non-medical or unexplained reasons. Farrow v West, 320 F.3d 1235, 1247 (11th Cir.2003) (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment). The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994). A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all." Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985). If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, they may violate the Eighth Amendment. Estelle, 429 U.S. at 104.

The plaintiff has demonstrated that he suffers from a chronic back ailment. He contends that Dr. Balmir and Nurse Dawson's delay in providing treatment for his chronic back pain resulted in his requiring a risky back surgery. The Court is aware that at times he was treated for his chronic pain, however, the plaintiff claims that it would then be stopped. At this preliminary stage, without further development, the plaintiff has minimally stated a claim for denial of treatment for his chronic pain.

B. Recommendation

It is therefore recommended as follows:

1. The case shall proceed against Dr. Balmir and Nurse Dawson for inadequate medical treatment.

2. Service will be ordered by separate order.

3. The Department of Corrections shall be dismissed as immune from suit pursuant to the Eleventh Amendment.

Objections to this Report may be filed with the District Judge within fourteen days following receipt.

Dated at Miami, Florida, this 11th day of May, 2012.

UNITED STATES MAGISTRATE JUDGE

cc: Reginald Grant, Pro Se
    #900626
    Everglades Correctional Institution
    Address of record