```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-21369-CIV-SEITZ
                              MAGISTRATE JUDGE P.A. WHITE
```

REGINALD GRANT,                  :

    Plaintiff,               :

v.                               :       REPORT OF
                                         MAGISTRATE JUDGE
DR. CARL BALMIR, et al.,         :         (DE#30)
et al.,

    Defendants.              :
_____

### I. Introduction

Reginald Grant, confined at Everglades Correctional Institution, has filed a _pro se_ civil rights complaint. He seeks monetary damages. (DE#1) The plaintiff is proceeding _in forma pauperis_. Grant alleges denial of adequate medical treatment. A Report was entered following initial screening.

This Cause is presently before the Court for screening of the second amended complaint (DE#30), pursuant to 28 U.S.C. §1915.

### II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

        *   *   *

>  (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>  \* \* \*
>
>  (B) the action or appeal –
>
>  \* \* \*
>
>  (i)  is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or
>
>  (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### A. Statement of Claims

The plaintiff names as defendants, the Florida Department of Corrections, Dr. Carl Balmir and ARNP Loretta Dawson, employed at Everglades Correctional Institution. He claims that in the month of February, 2008, he complained of lower back pain and pain related to deformities on his feet. He had a pre-existing condition and states that the medical staff ignored his complaints.

In July he was housed at Martin Correctional Institution and continued to complain of pain. He claims X-rays were taken and the results were normal. He was therefore denied any kind of treatment. About ten or eleven months after he was transferred to Everglades in 2010, he received an MRI which showed a serious condition of his lower back. Weeks later Balmir denied treatment after reviewing the MRI report. He continuously complained of pain. Balmir sent him to a specialist. The doctor ordered Ultran and shots once a week in a unsuccessful effort to relieve the pain. Several weeks into the treatment it was stopped, leaving the plaintiff to suffer more pain. Dr Balmir re-ordered the pain medications and shots to be given when needed, along with other medicines. The plaintiff contends this treatment was again stopped, and he continued to suffer pain.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

He was given orthotic footwear which provided minimal relief, but Dr. Balmir denied him a visit to an outside specialist.

He informed Nurse Dawson he was in pain and she refused to give him any kind of treatment or refer him to experts. After a second MRI, the plaintiff has been scheduled for a risky spinal fusion surgery. He contends that surgery may not have been needed if the defendants have provided better health care.

The Report recommended that the case proceed against Dr. Balmir and Nurse Dawson for denial of adequate medical treatment. The Report was adopted on June 14, 2012. The plaintiff filed a first amended complaint which was granted for the purpose of adding exhibits. The plaintiff filed a second amended complaint (DE#30), before the Court for screening.

Second Amended Complaint

The plaintiff filed a second amended complaint on October 1, 2012. Defendants Balmir and Dawson filed an Answer. In the second amended complaint the plaintiff seeks to add Dr. OgunSamwo as a defendant and seeks to sue the defendants in their official capacity. A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendants in their individual capacity.

Therefore, all claims against the defendants in their official capacity must be dismissed.

The plaintiff seeks to add Dr. OgunSamwo, Head Officer for the Department of Corrections as a defendant. He states that the defendant denied his grievances. He both denied his request for consultation, foot and toe treatment and an appeal filed to the Secretary. To the extent that the plaintiff contends the defendant failed to properly respond to, or denied his grievances, such failures, in and of themselves, do not rise to a constitutional level so as to constitute a denial of due process. This is because the Constitution does not entitle prisoners and pre-trial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of state inmates, the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D.Del. 1995); Brown v. Dodson, supra at 285. Thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, does not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by an adminis-

trative refusal to entertain his grievance. <u>Flick v. Alba</u>, <u>supra</u>, 932 F.2d at 729. Here, the plaintiff has had access to the courts. It is therefore recommended that unless the plaintiff demonstrates a direct relation between his lack of medical treatment and this defendant, it is recommended that he be dismissed.

B. <u>Recommendation</u>

It is therefore recommended as follows:

1. The operative complaints shall be the initial and second amended complaint, and the case shall proceed against Dr. Balmir and Nurse Dawson for inadequate medical treatment.

2. It is recommended that the proposal of adding defendant OgunSamwo, M.D. be denied.

3. All claims against the defendants in their official capacity be denied.

Objections to this Report may be filed with the District Judge within fourteen days following receipt.

Dated at Miami, Florida, this 28th day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Reginald Grant, Pro Se
    #900626
    Everglades Correctional Institution
    Address of record

    Attorneys of record