UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-21369-CIV-SEITZ/WHITE

REGINALD GRANT,

     Plaintiff,

v.

DR. CARL BALMIR, *et al.,*

     Defendants.

_____/

## ORDER AFFIRMING IN PART MAGISTRATE REPORT

THIS MATTER is before the Court upon the Report of Magistrate Judge issued by the Honorable Patrick A. White, United States Magistrate Judge (the Report) [DE-34]. This action arises from a civil rights complaint filed by Plaintiff, pursuant to 42 U.S.C. § 1983. This Court previously adopted the Report of Magistrate Judge White which recommended that Plaintiff's claims for inadequate medical treatment against Dr. Balmir and Nurse Dawson proceed. Plaintiff subsequently filed an amended complaint, which added exhibits, and a proposed second amended complaint which seeks to add Dr. OgunSamwo as a defendant and to sue the Defendants in their official capacities. The Report recommends that: (1) the operative complaints shall be the initial and second amended complaints and that the case proceed against Dr. Balmir and Nurse Dawson for inadequate medical treatment; (2) that the request to add Dr. OgunSamwo as a Defendant be denied; and (3) all claims against the Defendants in their official capacities be denied. Plaintiff has filed Objections to the Report [DE-37].

A review of the Objections indicates that Plaintiff only objects to the recommendation that Plaintiff not be permitted to add Dr. OgunSamwo, the head health officer for the Florida Department of Corrections, as a Defendant in his individual capacity. The Report recommended that Plaintiff not be permitted to add Dr. OgunSamwo as a Defendant unless Plaintiff could demonstrate a direct relation

between his lack of medical treatment and Dr. OgunSamwo. Plaintiff argues that Dr. OgunSamwo is responsible for the denial of Plaintiff's medical treatment because once he learned of Dr. Balmir's failure to provide Plaintiff medical treatment, through the filing of grievances, Dr. OgunSamwo became liable for failing to correct any constitutional violations. Plaintiff, citing *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) and *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986), argues that a supervisor who becomes aware of a constitutional violation and fails to correct it may be held liable under § 1983. While Plaintiff's reading of the law may be correct, nothing in the second amended complaint indicates that Dr. OgunSamwo received any of the grievances.[1] Plaintiff's second amended complaint alleges that he filed grievances or appeals with the "Warden" or with the "Secretary" and that Dr. Balmir responded or the "Secretary" responded to the grievances or appeals *See* DE-30 at ¶¶27, 30-33, 35, 39, 41. Thus, the second amended complaint does not allege that Dr. OgunSamwo learned about Plaintiff's alleged lack of medical treatment through the grievances.

The second amended complaint contains only two allegations against Dr. OgunSamwo: (1) that Dr. Balmir "'knew" that Defendant OgunSamwo denied the Plaintiff pain management because the consultation request was denied on 5/3/2012," DE-30 at ¶34; and (2) that "on 7/10/2012 Defendant OgunSamwo denied the Plaintiff foot and toe treatment, and denied the Plaintiff orthotic footwear," DE-30 at ¶42. Thus, the allegations in the second amended complaint allege that Dr. OgunSamwo was directly involved in the denial of treatment for Plaintiff. Accordingly, Plaintiff may add Dr. OgunSamwo as a Defendant based on his direct denial of treatment requests by Plaintiff.

---

[1]While the Report found that the second amended complaint alleges that Dr. OgunSamwo denied Plaintiff's grievances, a review of the second amended complaint indicates that Plaintiff has not alleged that Dr. OgunSamwo responded to any of Plaintiff's grievances, let alone received them or was aware of them.

Having carefully reviewed, *de novo*, Magistrate Judge White's Report and the record, it is hereby ORDERED that the above-mentioned Report of Magistrate Judge [DE-24] is AFFIRMED and ADOPTED in part:

(1) The operative complaints shall be the initial and second amended complaints;

(2) The request to add Dr. OgunSamwo as a defendant is GRANTED to the extent that Plaintiff claims Dr. OgunSamwo directly denied Plaintiff's requests for treatment;

(3) The request to sue Defendants in their official capacities is DENIED; and

(4) Plaintiff's Objections [DE-37] are OVERRULED.

DONE and ORDERED in Miami, Florida, this __25__ day of April, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge White
        All counsel of record/*Pro se party*

3